IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID STEBBINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 24-1174 (MN) |
| | ) |
| RUMBLE, INC., et al., | ) |
| | ) |
| Defendants. | ) |

### ORDER

At Wilmington, this 13th day of May 2025;

WHEREAS, on October 21, 2024, Plaintiff David Stebbins, of Harrison, Arkansas, commenced this action by filing a Pro Se Complaint against Defendants Rumble Inc. (allegedly incorporated in Delaware) and John Doe d/b/a The Specter Report (D.I. 2);

WHEREAS, Plaintiff requested and was given leave to proceed *in forma pauperis* (D.I. 1, 5);

WHEREAS the Court accepts all factual allegations in the Complaint as true and views them in the light most favorable to Plaintiff, *see Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008), liberally construes Plaintiff's *pro se* pleading and holds the Complaint "to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007);

WHEREAS the Court properly dismisses proceedings *in forma pauperis* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief," *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted);

WHEREAS, to state a claim upon which relief may be granted, the Complaint must contain more than labels and conclusions, *see Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and it must allege facts sufficient to show that Plaintiff's claims have substantive plausibility, *see Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam);

WHEREAS, claims are deemed frivolous where they rely on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario," *Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020);

WHEREAS, the Complaint asserts that Defendant Rumble is vicariously liable for slander because Defendant Doe stated that Plaintiff "does not consider fair use" in an online video (D.I. 2 at 8), which Plaintiff believes "was most likely circulated, however nominally, because of [Defendant] Rumble's algorithm" (*id.* at 15), and no other causes of action are asserted against Defendant Rumble;

WHEREAS, the Complaint cites to *Anderson v. TikTok, Inc.*, 116 F.4th 180 (3d Cir. 2024) for the proposition that Defendant Rumble is liable for the above-alleged statement by Defendant Doe, but *Anderson* clearly states that the Communications Decency Act ("CDA"), codified at 47 U.S.C. § 230(c)(1), immunizes interactive computer services ("ICS"), like Defendant Rumble, "if they are sued for someone else's expressive activity or content (i.e., third-party speech)," *Anderson*, 116 F.4th at 183, as is the case here;[1]

---

[1] In *Anderson*, the Third Circuit recognized that the CDA does not immunize ICSs "if they are sued for their own expressive activity or content (i.e., first-party speech)," 116 F.4th at 183, such as the promotion of a dangerous – and in *Anderson*, fatal – viral trend by the TikTok algorithm, which "was not contingent upon any specific user input," *id.* at 184 n.12. Unlike in *Anderson*, where the plaintiff showed that TikTok had independently promoted the "Blackout Challenge" on her deceased child's "For You Page," *id.* at 181, in this case, Plaintiff merely speculates that a video created by Defendant Doe "was most

WHEREAS, absent Defendant Rumble's alleged incorporation in Delaware, this case has no connection to this District, and the only appropriate venue apparent from the Complaint is the Western District of Arkansas, where Plaintiff resides; and

WHEREAS, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought," 28 U.S.C. § 1406(a).

THEREFORE, IT IS HEREBY ORDERED that Defendant Rumble Inc. is **DISMISSED** from this case, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii), because the cause of action against Defendant Rumble is based on an indisputably meritless legal theory, the Complaint fails to state a claim against Defendant Rumble, the CDA immunizes Defendant Rumble from this suit, and amendment is futile.

IT IS FURTHER ORDERED that the Clerk of Court is **DIRECTED** to immediately **TRANSFER** the remainder of this action to the United States District Court for the Western District of Arkansas, Harrison Division to proceed against Defendant John Doe d/b/a The Specter Report.

_Maryellen Noreika_
The Honorable Maryellen Noreika
United States District Judge

---

likely circulated, however nominally," by Defendant Rumble (D.I. 2 at 15). First-party speech by Defendant Rumble cannot be reasonably inferred from either this speculative allegation, or any factual allegation in the Complaint. Given the facts alleged, amendment appears futile for the "vicarious liability for slander" cause of action asserted against Defendant Rumble.