UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| David Stebbins ) | |
|     Plaintiff/Appellant ) | |
| ) | |
| v. ) | Case No. 25-2008 |
| ) | |
| Rumble, Inc., et al ) | |
| ) | |

### RESPONSE TO NOTICE OF JURISDICTIONAL DEFECT AND POSSIBLE SUA SPONTE DETERMINATION

    Comes now, pro se Appellant David Stebbins, who hereby submits the following Response to Notice of Jurisdictional Defect and Possible Sua Sponte Determination in the above-styled action.

**The Court should not summarily affirm the dismissal of Rumble Inc as co-defendant.**

1.    The Court has notified me that it intends to summarily adjudicate my appeal of the dismissal of Rumble Inc as a defendant. It stated that said summary action can be anything, including summary reversal, but in case it is contemplating summary affirming, I ask that it not do so.

2.    This Court has recently created an exception to Sec. 230, holding that an ISP can be held jointly and/or vicariously liable for tortuous content posted to their site, as long as their algorithm distributes that content to viewers without any direct input from said viewers. See Anderson v. TikTok, Inc., 116 F. 4th 180 (3rd Cir. 2024). The District Court stated that my factual allegations that Rumble distributed and promoted the slander video using its own algorithm (which triggered the precedent of Anderson v. TikTok, making them liable for the video's contents) were "speculative." But she never explained either (A) how exactly it is so speculative as to not warrant construing the facts as true, or (B) why this supposed deficiency could not be cured by amendment. She *declared* that defect cannot be cured by amendment, but her declaration was entirely arbitrary and came entirely out of nowhere.

3.    See my other "Response to Notice of Jurisdictional Defect" in the sister case (Case No. 25-2007) for why it is such an affront to judicial integrity that district courts can just make these arbitrary and baseless determinations.

4. Bear in mind that, because I am pro se, I am entitled to have my factual allegations be construed more liberally than those drafted by attorneys. See Haines v. Kerner, 404 US 519 (1972).

5. Therefore, the judgment should be reversed (summarily or otherwise) unless this Court is 100% certain (and can actually *explain*) how my original complaint is insufficient and how correcting the complaint would be impossible.

6. Please understand that this response is not meant to provide full, in-depth arguments regarding whether the district court decision was proper. That should be reserved for the appeals briefs. I am merely asking that the Court acknowledge that it should not affirm the judgment *summarily*.

7. The instant case presents a much more pressing matter that justifies not summarily affirming the judgment than in most cases. The precedent upon which I base my legal claim against Rumble is brand new. By the time I filed the lawsuit, it was so new that it hadn't yet been published in the Federal Reporter and therefore given an official citation. Even now, the precedent is less than a year old, aka a *literal infant* case law.

8. However, even more important than the age of the precedent is how far it departs from previous legal consensus. This precedent carves out an important exception to Sec. 230 immunity, and takes the case law in a bold new direction for which other circuits' precedents provide very little guidance. As such, we should approach each case where this new precedent is invoked with caution, in order to make sure this new law is developed and implemented properly.

9. Imagine, if you will, a hypothetical employment discrimination case filed in late 1964, only a few months after the Civil Rights Act of 1964 was filed (a law which created some very important distinctions to the previously black letter law of at-will employment in the private sector), where the district court summarily threw out a complaint for racial discrimination on the grounds that it espoused a "clearly meritless legal theory," because the employer had a near-nonreviewable right to at-will employment, and so the individual nuances of the case didn't matter, aka applying the old law before the Civil Rights Act shook things up to an at-the-time unprecedented degree.

10.     If that case were appealed to the Third Circuit, and you were serving at that time, would you summarily affirm the judgment even though it purported to be based on infant law that hasn't yet been thoroughly developed in the courts? If not, then you should abstain from summarily affirming this case, for the exact same reason.

**To the extent I appeal the transfer of venue, the Court should construe that part of the appeal as a petition for writ of mandamus.**

11.     This Court cites In re Federal-Mogul Global, Inc., 300 F. 3d 368 (3rd Cir. 2002) as controlling precedent regarding my appeal of the transfer of venue. That very case law provides a suitable alternative: Treating the appeal as a petition for writ of mandamus. See id at 379 ("This court has on various occasions construed an appeal as a petition for a writ of mandamus. Defendants request that we do so here, and we proceed to consider whether to issue a writ of mandamus in light of Defendants' arguments that the District Court erred").

12.     As a result, this Court can easily decide the issue of dismissal of Rumble as a party to the action, and then immediately treat this section of the appeal as a petition for writ of mandamus and either grant or deny that petition accordingly. Since the affirmance or reversal of the Rumble dismissal issue will necessarily determine the propriety of the transfer, one way or another, there is no reason why the Court cannot go this route.

13.     If the District Court's dismissal of Rumble is affirmed, then it was proper for the district court to transfer the case, and thus mandamus relief should be denied. By contrast, if the district court's dismissal is reversed, then it would be prejudicial to force me to litigate the case in Arkansas, because that state is subject to precedent from the Eighth Circuit, not the Third. This means that it will not be bound by the precedent of Anderson v. TikTok, which means that Rumble must *still* be dismissed as a party, thus undermining the whole point of reversing the district court's dismissal of Rumble in the first place. Therefore, mandamus relief ordering the case to be brought back to Delaware is necessary.

**Conclusion**

14.     For all of these reasons and more, the Court should hold that it has jurisdiction and should abstain from summarily affirming the judgment.

So submitted on this, the 4th day of June, 2025.

/s/ David Stebbins
David Stebbins (pro se)
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
870-204-6516
acerthorn@yahoo.com